**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LARRY WILLARD, Individually and as Personal Representative of the estate of Dustin Willard; DEBRA WILLARD; CLINT WILLARD,<br><br>        Plaintiffs - Appellants,<br><br>v.<br><br>CITY OF EVERETT, a political subdivision of the State of Washington; STEPHEN HARNEY; AARON SHOWALTER; SUNNY RADOSEVICH,<br><br>        Defendants - Appellees. | No. 13-35984<br><br>D.C. No. 2:12-cv-00014-TSZ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted February 5, 2016
Seattle, Washington

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN and GOULD, Circuit Judges and BURNS,[**] District Judge.

Plaintiffs appeal the district court's grant of summary judgment in this civil rights action. The parties know the facts, so we highlight only what's important. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment on Plaintiffs' Fourth Amendment claim. Police officers may reasonably use deadly force where, as here, they have "probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *see also Smith v. City of Hemet*, 394 F.3d 689, 704 (9th Cir. 2005) (en banc) ("[W]here a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force."). And, where the use of deadly force is reasonable, the Court doesn't inquire whether less intrusive alternatives were available. *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994). The officers never entered Mr. Willard's home, so they weren't required to knock and announce before summoning him outside. *See United States v. Bynum*, 362 F.3d 574, 579 (9th Cir. 2004).

---

[**] The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

The district court likewise properly granted summary judgment on Plaintiffs' Fourteenth Amendment claim because the officers' conduct doesn't shock the conscience. *See Hayes v. County of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013). With Mr. Willard pointing a shotgun at them, it wasn't practical for the officers to deliberate on how to react; they had to make a quick judgment. *See id*. There's no evidence in the record from which a reasonable jury could infer that the officers were acting with a purpose to harm Mr. Willard, unrelated to legitimate law enforcement objectives. *See id.*

The district court was right to grant summary judgment on Plaintiffs' municipal liability claim because the officers didn't violate Mr. Willard's constitutional rights. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

The district court also properly granted summary judgment on Plaintiffs' negligence claim because for that claim to be valid under Washington's public duty doctrine, it would have to stem from a specific duty owed to Mr. Willard by law enforcement, not from a generalized duty that is owed to the public. *See Munich v. Skagit Emergency Commc'n Ctr.*, 288 P.3d 328, 332 & n.2 (Wash. 2012). No exception to the public duty doctrine applies here. *See id.*

Finally, the district court didn't abuse its discretion in excluding Plaintiffs' human factors expert. Her proposed testimony wasn't relevant because police use of force is reviewed from the perspective of an officer on the scene without the benefit of hindsight, not from others' perspectives. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Moreover, the district court reasonably concluded that the expert's testimony wasn't shown to be reliable.

**AFFIRMED**.